GORLICK, KRAVITZ & LISTHAUS, P.C.
Barbara S. Mehlsack (BM 1390)
442 Potomac Avenue
Buffalo, New York 14213
(716) 881-0800
bmehlsack@gkllaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ROBERT REINER,

on behalf of himself and all others similarly situated,

                          Plaintiff,                        Index No.

     -against-                                 COMPLAINT

BANCTEC, INC.,

                          Defendant.
-------------------------------------------------------------------------X

Plaintiff, ROBERT REINER, by and through his attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for his Complaint, alleges respectfully as follows:

## NATURE OF THE ACTION

1. This is a civil action for wages for overtime work pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law, N.Y. Lab. Law Art.2, §21, Art. 19 §§ 650 et seq., and implementing regulations, 12 NYCRR §§142-2.2 and 142-2.4.

2. Plaintiff brings this action on behalf of himself and other similarly situated

1

current and former employees of Defendant who elect to opt into this action pursuant to FLSA, 29 U.S.C. §§201 et seq., and specifically the collective action provision of Section 16(b), 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawful wages.

## JURISDICTION

3. Jurisdiction of this Court is invoked under the following statutes:

    (a) 29 U.S.C. §216(b) (private right of action under FLSA);

    (b) 28 U.S.C. §1331 (federal question);

    (c) 28 U.S.C. §1337 (civil actions arising under Act of Congress regulating commerce); and

    (d) 28 U.S.C. §1367 (supplemental jurisdiction).

4. Venue properly lies in this district under 28 U.S.C. §1391.

## PARTIES

5. Plaintiff ROBERT REINER ("Reiner" or "Plaintiff") is an adult individual residing in New York, who at all times relevant to this action was an employee of and employed by Defendant BANCTEC, INC. ("BANCTEC" or "Defendant") as defined in Sections 3(e)(1) and 3(g) of FLSA [29 U.S.C. §§203(e)(1) and 203(g)] and Section 651(5) of New York Labor Law and implementing regulation 12 NYCRR 142.2-14(a).

6. Defendant BANCTEC is a foreign corporation licensed to do business in the State of New York and has a place of business at 2701 East Grauwyler Road, Irving,

2

Texas 75061. At all relevant times, BANCTEC was and is an employer as defined in Section 3(g) of FLSA [29 U.S.C. §203(g)] and Section 190(3) of New York Labor Law. BANCTEC is an enterprise as defined in Section 3(r)(1) of FLSA [29 U.S.C. §203(r)(1)] in an industry affecting commerce as defined in Section 3(s)(1)(A) of FLSA [29 U.S.C. §203(s)(1)(A)].

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Defendant employed Plaintiff from approximately February 19, 2001 until April 17, 2005 to perform computer repair services and administrative functions related to the performance of computer repair services.

8. Upon information and belief, Defendant did not compensate Plaintiff for all travel time and time spent on administrative functions during Plaintiff's employment.

9. Upon information and belief, during his employment by Defendant, Plaintiff regularly worked in excess of 40 hours per week.

10. Upon information and belief, from December 10, 2001 until May 31, 2003, Defendant wrongfully classified Plaintiff as an independent contractor.

11. From December 10, 2001 until May 31, 2003, Plaintiff performed the same duties requiring the same skills for Defendant following the same method of operation and making the same investment as before December 10, 2001 and as after May 31, 2003. Defendant exercised the same degree of control over Plaintiff's work and Plaintiff had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

12. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 11 above.

13. Upon information and belief, Plaintiff's computer repair duties, administrative functions, and travel time were at all relevant times compensable time under Section 7(a) of FLSA [29 U.S.C. §207(a)].

14. Upon information and belief, from February 19, 2001 until April 17, 2005, Defendant willfully failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Section 7(a) of FLSA [29 U.S.C. §207(a)].

14. As a result of Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant at least $68,000 for his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to Section 16(b) of FLSA [29 U.S.C. §216(b)].

15. Plaintiff consents in writing to be a party to this action, pursuant to Section 16(b) of FLSA [29 U.S.C. §216(b)]. Plaintiff's written consent is attached hereto and incorporated by reference.

16. Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendant performing computer repair services between June 1, 1999 and the filing of this Complaint (the "FLSA Opt-In Plaintiffs").

17. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid by Defendants in violation of

FLSA. Those similarly situated employees are known to Defendant and are readily identifiable and can be located through Defendant's records. Those similarly situated employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Notice should therefore be sent to the FLSA Opt-In Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW

18. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 11 above.

19. Upon information and belief, Plaintiff's computer repair duties, administrative functions, and travel time were at all relevant times compensable time under New York Labor Law, N.Y. Lab. Law §21, §§ 650 et seq., and implementing regulations, 12 NYCRR §§142-2.2.

20. Upon information and belief, from February 19, 2001 until April 17, 2005, Defendant willfully failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of New York Labor Law, N.Y. Lab. Law §21, §§ 650 et seq., and implementing regulations, 12 NYCRR §§142-2.2.

21. Plaintiff is entitled to recover from Defendants, jointly and severally, an amount of at least $140,000 for his unpaid overtime compensation, an additional amount of at least $35,000 for liquidated damages, reasonable attorneys fees, and costs of the action, pursuant to Section 663(1) of New York Labor Law.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW

22. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 11 above.

23. Plaintiff regularly worked more than ten hours in one day.

24. Upon information and belief, Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff one additional hour's pay at the basic minimum hourly wage rate for any day in which he worked in excess of ten hours in violation of New York Labor Law and regulations, 12 NYCRR §142-2.4.

25. Plaintiff is entitled to recover from Defendant an amount of at least $2000 for his additional hours of pay for each day worked in excess of ten hours, an amount of at least $500 for liquidated damages, reasonable attorneys fees, and costs of the action, pursuant to Section 663(1) of New York Labor Law.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, requests the following relief:

    a) that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant to perform computer repair services. Such notice shall inform them that this civil action has been filed, of the

6

nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) an order declaring Defendant's conduct complained of herein to be in willful violation of the Plaintiff's rights under FLSA;

c) an award of unpaid overtime compensation due under FLSA;

d) an award of an additional equal amount as liquidated damages because of Defendant's failure to pay overtime pay pursuant to Section 216 of FLSA [29 U.S.C. §216];

e) an order declaring Defendant's conduct complained of herein to be in violation of the Plaintiff's rights under New York Labor Law;

f) an award of unpaid overtime compensation due under New York Labor Law;

g) an award of an additional hour's pay for any day in which Plaintiff worked in excess of ten hours in accord with New York Labor Law;

h) an award of liquidated damages because of Defendant's willful failure to pay overtime and to pay an additional hour's pay for each day in which Plaintiff worked in excess of ten hours pursuant to Section 663(1) of New York Labor Law [N.Y. Lab. L. §663(1)];

i) an award of the costs of this action together with reasonable attorneys' fees;

j) an award of prejudgment and post judgment interest as provided by

law; and

k) such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       June 1, 2005

                Respectfully submitted,

                GORLICK, KRAVITZ & LISTHAUS, P.C.
                Attorneys for Plaintiff


                By:_____/s/  Barbara S. Mehlsack_____
                      Barbara S. Mehlsack (BM 1390)
                      442 Potomac Avenue
                      Buffalo, New York 14213
                      (716) 881-0800

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ROBERT REINER,

on behalf of himself and all others similarly situated,   Index No.

        Plaintiff,

 -against-            CONSENT TO
                   BE A PARTY
BANCTEC, INC.            PLAINTIFF

        Defendant.
-------------------------------------------------------------------------X

  I, the undersigned, consent to be a party plaintiff in <u>Robert Reiner v. Banctec, Inc.</u> in order to seek redress for violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b) and hereby designate Gorlick, Kravitz & Listhaus, P.C. to represent me in this action.

Dated: Buffalo, New York
    May 10, 2005

                     *[signature]*
                     Signature

                     Robert D. Reiner
                     Name