GORLICK, KRAVITZ & LISTHAUS, P.C.
Barbara S. Mehlsack (BM 1390)
442 Potomac Avenue
Buffalo, New York 14213
(716) 881-0800
bmehlsack@gkllaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROBERT REINER, RENEE ALLINGER and                           :
ROBERT ANDERSON, on behalf of themselves                    :   CLASS AND COLLECTIVE
and all others similarly situated,                          :   ACTION
                                                            :
                                                            :
                               Plaintiffs,                  :   FIRST AMENDED
                                                            :   COMPLAINT
        -against-                                           :
                                                            :   05 CV 390A(F)
BANCTEC, INC.,                                              :
                                                            :
                                                            :
                               Defendant..                  :
                                                            :
------------------------------------------------------------X

Plaintiffs ROBERT REINER, ROBERT ANDERSON and RENEE ALLINGER (hereinafter collectively "Plaintiffs" or "Named Plaintiffs"), by and through their attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for their First Amended Complaint respectfully allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for wages for overtime work pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and implementing regulations and New York Labor Law, N.Y. Lab. Law Art. 2, §21, Art. 19 §§ 650 et. seq., and implementing regulations, 12 NYCRR §§ 142-2.2 et. seq.

2. Plaintiffs bring this action: a) individually on behalf of themselves, and on behalf of all similarly situated current and former employees of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§201 et. seq., and specifically the collective action provision of Section 16(b), 29 U.S.C. §216 (b), to obtain declaratory relief and to remedy violations of the overtime compensation requirements of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawful wages; b) individually on behalf of themselves and as representative parties pursuant to Federal Rule of Civil Procedure 23 of a class of similarly situated employees and former employees who have worked for Defendant in New York State to obtain declaratory relief and to remedy violations of the overtime compensation requirements adopted under New York Labor Law, N.Y. Lab. Law §21, §§ 650 et. seq., via implementing regulations 12 NYCRR §§142-2.2 et. seq. that have deprived Plaintiffs and the other members of the class of their lawful wages under state law.

## JURISDICTION

3. Jurisdiction of this Court is invoked under the following statutes:

    (a) 29 U.S.C. §216 (b) (private right of action under FLSA);

    (b) 28 U.S.C. §1331 (federal question);

    (c) 28 U.S.C. §1337 (civil actions arising under Act of Congress regulating commerce); and

    (d) 28 U.S.C. §1367 (supplemental jurisdiction).

    (e) Venue properly lies in this district under 28 U.S.C. §1391.

2

## CLASS ACTION ALLEGATIONS

4.  The claims in this action arising under New York State Law and implementing regulations (hereinafter "New York State Law Claims") are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, provided however that if this Court permits the maintenance of a class action for the New York State Law Claims, Named Plaintiffs and class members agree to waive their state law claims for liquidated damages in the amount of 25% of their overtime compensation due and in lieu thereof claim pre- and post-judgment interest on their unpaid compensation under state law, at the appropriate rate under the New York Civil Practice Law and Rules.

5.  The New York State Law Claims (limited as provided above) are properly maintainable as a class action under Federal Rule of Civil Procedure 23 (a) ("Fed. R. Civ. P.") because:

    a)  as the class is believed to be over 60 in number, joinder of all members is impracticable; and

    b)  there are question of law and fact common to the class, as the New York State Law claims are based on whether or not Defendant's corporate wide policies and practice vis-à-vis the compensation and terms and conditions of employment of its computer repair technicians have resulted in the denial to them of compensation to which they are entitled under New York State Law;

    c)  the claims of the Named Plaintiffs are typical of the claims of the class and the Named Plaintiffs will fairly and adequately represent the interest of the class because they are

3

similarly situated to the class members and Named Plaintiffs are not aware of any way in which their interests are antagonistic or adverse to the interests of the class members.

6. The New York State Law Claims are otherwise properly maintainable as a class action under Fed. R. Civ. P. 23 (3) because:

    a) the questions of law and fact common to the class predominate over any questions affecting only individual members;

    b) a class action is superior to other available methods of adjudicating the class members' claims because:

        i) the New York State Law claims arise out of the same nucleus of operative facts as the FLSA collective action claims;

        ii) many of the individual class members claims are relatively small, so that those persons are likely to lack sufficient resources and incentive to bring individual suits and they are also not likely to have a strong interest in individually controlling the prosecution of separate actions;

        iii) upon information and belief, there has been no other litigation concerning the New York State Law claims in any other forum; and

        iv) a class action can be managed without undue difficulty as the claims are based upon Defendant's corporate compensation policies and Defendant is required to maintain records concerning the compensation and hours worked of each member of the class.

7. The class counsel, Gorlick, Kravitz & Listhaus, P.C., concentrates its practice in labor and employment law, is qualified and able to litigate the class members' claims and is prepared to advance the costs necessary the litigate this action vigorously, including the costs of sending a class notice.

4

## PARTIES

8.  Plaintiffs ROBERT REINER ("Reiner"), RENEE ALLINGER ("Allinger") and ROBERT ANDERSON ("Anderson") are adult individuals residing in New York State, who at all times relevant to their claims in this action were employees of and employed by Defendant BANCTEC, INC. ("BANCTEC" or "Defendant") as defined in Sections 3 (e)(1) and 3(g) of FLSA [29 U.S.C. §§203 (e)(1) and 203 (g)] and Section 651 (5) of New York Labor Law and implementing regulation 12 NYCRR 142.2 -14 (a) and who reside in and have worked for Defendant in the Western District of New York.

9.  Defendant is a foreign corporation licensed to do business in the State of New York and has a place of business at 2701 East Grauwyler Road, Irving, Texas 75061. At all relevant times, BANCTEC was and is an employer as defined in Section 3 (g) of FLSA [29 U.S.C. §203 (g)] and Section 190 (3) of New York Labor Law. BANCTEC is an enterprise as defined in Section 3 (r) (1) of FLSA [29 U.S.C. §203 (r) (1)] in an industry affecting commerce as defined in Section 3 (s) (1) (A) of FLSA [29 U.S.C. §209 (s) (1) (A)].

## FACTUAL BACKGROUND

10.  Defendant employed Plaintiff Reiner from approximately February 19, 2001 until on or about April 17, 2005 to perform computer repair services and administrative functions related to the performance of computer repair services.

11.  Defendant has employed Plaintiff Allinger since on or about November 18, 2002 and continues to employ Plaintiff Allinger to perform computer repair services and administrative functions related to the performance of computer repair services.

5

12. Defendant has employed Plaintiff Anderson since on or about October 23, 2000 and continues to employ Plaintiff Anderson to perform computer repair services and administrative functions related to computer repair services (hereinafter persons performing computer repair services for Defendant under terms and conditions similar to those of the Named Plaintiffs are sometimes generally referred to as "computer repair technicians.")

13. Upon information and belief, during his employment by Defendant, Plaintiff Reiner regularly worked in excess of 40 hours per week.

14 Upon information and belief, during a substantial portion of her employment by Defendant, Plaintiff Allinger has frequently worked in excess of 40 hours per week.

15. Upon information and belief, during his employment by Defendant, Plaintiff Anderson has regularly worked in excess of 40 hours per week.

17. Upon information and belief, during the period December 10, 2001 until May 31, 2003, Defendant wrongfully classified Plaintiffs Reiner and Anderson as independent contractors.

18. Upon information and belief, during the period November 18, 2002 until May 21, 2003, Defendant wrongfully classified Plaintiff Allinger as an independent contractor.

19. Upon information and belief, during the period December 10, 2001 to May 31, 2003, when he was classified as an independent contractor: a) Plaintiff Reiner worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff's work and Plaintiff had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

6

20. Upon information and belief, during the period December 10, 2001 to May 31, 2003, when he was classified as an independent contractor: a) Plaintiff Anderson worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff Anderson's work and Plaintiff Anderson had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

21. Upon information and belief, during the period November 18, 2002 to May 31, 2003, when she was classified as an independent contractor: a) Plaintiff Allinger worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff Allinger's work and Plaintiff Allinger had the same opportunities for profit or loss as after May 31, 2003.

22. Upon information and belief, Defendant has at all times relevant to this action failed to give notice to its computer repair technicians of their rights to overtime compensation as required pursuant to federal regulation 29 CFR 516.4 and to state regulation 12 NYCRR § 142-2.8.

23. Upon information and belief, at all times relevant to this action, Defendant has maintained corporate-wide compensation policies and practices applicable to its computer repair technicians throughout the nation, including a) the policy and practice of wrongfully classifying them as independent contractors; b) the policy and practice of not paying them for all hours worked; c) the policy and practice of failing to give them notice of their rights to overtime compensation; d) the policy and practice of not paying them overtime for all hours worked in

7

excess of 40 hours during a week; and e) the policy and practice of not paying overtime for all hours worked in excess of 40 during a week at the rate of one and one-half times their regular rate.

### AS AND FOR A FIRST CAUSE OF ACTION
### (on behalf of Plaintiff Reiner individually under the Fair Labor Standards Act)

24. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 23 as if fully set forth herein.

25. Upon information and belief, at all time relevant to this action, Plaintiff Reiner was a non-exempt employee and Plaintiff Reiner's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

26. Upon information and belief, from February 19, 2001 until April 17, 2005 Defendant failed to pay Plaintiff Reiner for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

27. As a result of Defendant's FLSA violations, Plaintiff Reiner is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

28. Plaintiff Reiner has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)]. Plaintiff's written consent has been filed with the Court.

8

## AS AND FOR A SECOND CAUSE OF ACTOIN
**(on behalf of Plaintiff Anderson Individually under the Fair Labor Standards Act)**

29.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 28 as if fully set forth herein.

30.     Upon information and belief, at all times relevant to this action, Plaintiff Anderson was a non-exempt employee and Plaintiff Anderson's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

31.     Upon information and belief, from on or about October 23, 2000 and continuing to the present, Defendant has failed to pay Plaintiff Anderson for all hours worked by him and has willfully failed to pay Plaintiff Anderson overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

32.     As a result of Defendant's willfull FLSA violations, Plaintiff Anderson is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursement of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

33.     Plaintiff Anderson has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)]. Plaintiff Anderson's written consent has been filed with the Court.

## AS AND FOR A THIRD CAUSE OF ACTION
### (on behalf of Plaintiff Allinger individually under the Fair Labor Standards Act)

34.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 33 as if fully set forth herein.

35.     Upon information and belief, at all times relevant to this action, Plaintiff Allinger was a non-exempt employee and Plaintiff Allinger's duties, including but not limited to computer repair duties, administrative functions, and travel time were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

36.     Upon information and belief, from on or about August 30, 2003 and continuing to the present, Defendant has failed to pay Plaintiff Allinger for all hours worked by her and has willfully failed to pay Plaintiff Allinger overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by her in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

37.     As a result of Defendant's FLSA violations, Plaintiff Allinger is entitled to recover from Defendant her unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

38.     Plaintiff Allinger has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)]. Plaintiff's written consent has been filed with the Court.

## AS AN FOR A FOURTH CAUSE OF ACTION
(by each and all of the Name Plaintiffs on behalf of themselves and all similarly situated individuals under the FLSA)

39. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 34 as if fully set forth herein.

40. The Named Plaintiffs bring this FLSA action on behalf of themselves and all similarly situated persons who work or have worked for Defendant (within the meaning of the FLSA) performing computer repair services: a) at any time during the three years preceding the filing of the original Complaint in this action; or b) at any time since 2001, in the event the Court determines that the applicable statute of limitations should be tolled.

41. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendant across the country who have been subjected to the same nationwide corporate policies and practices as the Named Plaintiffs, including the policy and practice of wrongfully classifying them as independent contractors from 2001 through 2003, not paying them for all hours that they worked in a week, and not paying them overtime compensation for all hours that they worked in excess of 40 in a week, and not paying them overtime for all hours worked in excess of 40 in a week at a rate not less than one and one-half times their regular rate.

42. Upon information and belief, at all times relevant to this action, as a matter of corporate policy and practice, Defendant has willfully suffered and permitted Named Plaintiffs and similarly situated employees to work over 40 hours in a week and was aware that named Plaintiffs and similarly situated employees did in fact regularly or frequently work over 40 hours in a week without paying them the prescribed overtime compensation for all such hours worked in excess of forty.

11

43. Upon information and belief, those similarly situated employees are known to Defendant and are readily identifiable and can be located through Defendant's records. Those similarly situated employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

44. As a result of the foregoing, this action is properly maintainable as a collective action under the FLSA.

45. Upon information and belief, as Defendant deliberately and wrongfully misclassified Plaintiffs and similarly situated employees as independent contractors from 2001 to 2003, and has never given its employees notice of their rights to overtime compensation under the FLSA, Named Plaintiffs and all similarly situated computer repair technicians are entitled as a matter of equity to have the statute of limitations tolled during the period that they were misclassified as independent contractors.

46. As a result of Defendant's willfull violations of the FLSA, Named Plaintiffs and all other current and former employees similarly situated to Plaintiffs who have worked for Defendant at any time during the three years prior to the filing of the original Complaint in this action (or if appropriate at any time since 2001) are entitled to recover from Defendant their unpaid overtime compensation earned during such period, plus liquidated damages in equal amounts, plus reasonable attorneys' fees and costs and disbursements pursuant to Section 16 (b) of the FLSA.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (on behalf of Reiner individually under NEW YORK LABOR LAW)

47. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 46 as if fully set forth herein.

48. Upon information and belief, Plaintiff Reiner's computer repair duties, administrative functions, and travel time were at all relevant times compensable time under New York Labor Law, N.Y. Lab. Law Art. 2, §21, Art. 19, §§650 et. seq., and implementing regulations, 12 NYCRR §§142-2.2 et. seq.

49. Upon information and belief, from February 19, 2001 until April 17, 2005, Defendant willfully failed to pay Plaintiff overtime compensation, at a) a rate not less than one and on-half times the regular rate of pay, for all hours worked in excess of 40 hours in a week or or b) at a rate not less than one and one-half times the minimum hourly wage, in violation of New York Labor Law, N.Y. Lab. Law Art. 2, §21, Art. 19 §§650 et. seq., and implementing regulations, 12 NYCRR §§142-2. et.seq.

50. As a result of Defendant's willful violations of New York Labor Law and implementing regulations, Plaintiff Reiner is entitled to recover his unpaid overtime compensation, plus an additional amount as liquidated damages equal to 25% of his unpaid overtime compensation, and reasonable attorneys fees and the costs and disbursements of the actions, pursuant to Section 663 (1) of New York Labor Law.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (on behalf of Anderson individually under NEW YORK LABOR LAW)

51. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 50 if fully set forth herein.

13

52. Upon information and belief, Plaintiff Anderson's computer repair duties, administrative functions, and travel time were at all relevant times compensable time under New York Labor Law, N.Y. Lab. Law Art. 19, §§650 et. seq., and implementing regulations, 12 NYCRR §§142-2.2

53. Upon information and belief, from October 23, 2000 and continuing to the present, Defendant has willfully failed to pay Plaintiff Anderson overtime compensation, at a) a rate not less than one and one-half times the regular rate of pay or b) at a rate not less than one and one-half times the minimum hourly wage, for all hours worked in excess of 40 hours in a week, in violation of New York Labor Law, N.Y. Lab. Art. 2, §21, Art. 19, §§650 et. seq., and implementing regulations, 12 NYCRR §§142-2.2 et, seq.

54. As a result of Defendant's willful violations of New York Law and implementing regulations, Plaintiff Anderson is entitled to recover his unpaid overtime compensation, plus an additional amount as liquidated damages equal to 25% of his overtime compensation, and reasonable attorneys fees and the costs of the action, pursuant to Section 663 (1) of New York Labor Law.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (on behalf of Allinger individually under NEW YORK LABOR LAW)

55. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 50 if as fully set forth herein.

56 Upon information and belief, Plaintiff Allinger's computer repair duties, administrative functions, and travel time were at all relevant times compensable time under New York Labor Law, N.Y. Lab. Law Art. 2, §21, Art. 19 §§650 et. seq., and implementing regulations, 12 NYCRR §§142-2.2.

57. Upon information and belief, from November 18, 2002 and continuing to the present, Defendant has willfully failed to pay Allinger overtime compensation, at a) a rate not less than one and one-half times the regular rate of pay, for all hours worked in excess of 40 hours in a week or b) at a rate not less than one and one-half times the minimum hourly wage, in violation of New York Labor Law, N.Y. Lab. Law Art. 2, §21, §§650 et. seq., and implementing regulations, 12 NYCRR §§142-2.2 et. seq.

58. As a result of Defendant's willfull violations of New York Law and implementing regulations, Plaintiff Allinger is entitled to recover her unpaid overtime compensation, plus an additional amount as liquidated damages equal to 25% of her overtime compensation, and reasonable attorneys' fees and the costs and disbursements of the action, pursuant to Section 663 (1) of New York Labor Law.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(on behalf of Plaintiffs Reiner, Anderson and Allinger individually for hours in excess of 10 per day under NEW YORK LABOR LAW)

59. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 58 as if fully set forth herein.

60. Named Plaintiffs Reiner, Anderson and Allinger each frequently have worked for Defendant more than ten hours in one day.

61. Upon information and belief, Defendant willfully violated each of the Named Plaintiffs' rights by failing to pay each of them one additional hour's pay for all days in which each of them worked in excess of ten hours, in violation of the New York Labor Law and regulations, 12 NYCRR §142-2.4.

15

62. Named Plaintiffs are each entitled to recover from Defendant additional pay in the amount of one hour's pay for each day worked in excess of ten hours, plus liquidated damages in the amount of 25% of the unpaid compensation, and reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 663 (1) of New York Labor Law.

## AS AND FOR A NINTH CAUSE OF ACTION
### (class action on behalf of New York State Employees for violations of NEW YORK STATE LAW)

63. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 62 as if fully set forth herein.

64. Upon information and belief, there are at least 60 or more current and former employees of Defendant who have worked for Defendant in the State of New York during the six years prior to the filing of this Complaint: a) who are similarly situated to Named Plaintiffs, having performed computer repair functions under the same terms and conditions as the Named Plaintiffs and having been subject to the same corporate policies and practices that give rise to the Named Plaintiffs' collective and individual claims under the FLSA and under New York State Law and implementing regulations as alleged above; and b) who during that six year period: i) have not been paid for all the hours they have worked for Defendant; ii) were suffered or permitted to work for Defendant for more than 40 hours per week with Defendant's knowledge and were not paid for all hours worked by them in excess of 40 hours per week, as required under New York State Labor Law and implementing regulations; and iii) were not paid for all hours worked in excess of 40 hours per week either at the rate of one and one-half times their regular rate or at the rate of one and one-half times the minimum hourly wage, as required under New York State Labor Law and implementing regulations; and iv) have not been paid for

16

an additional hour for those days in which they worked in excess of 10 hours per day as required under New York State Labor Law and implementing regulations.

65. As a result of the foregoing, the Plaintiff class members are entitled to recover a) their unpaid overtime compensation for all hours over 40 worked by each of them in a week during the period commencing six years prior to the filing of the Complaint; and b) an additional hour's compensation for each day worked in excess of 10 hours per day during the six year period; and c) pre-and post-judgment interest thereon and reasonable attorneys' fees and the costs and disbursements of the action.

## DEMAND FOR JURY TRIAL

66. Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated persons, including all members of the New York class, respectfully demand an order and judgment granting the following relief against Defendant:

1. certifying this action as a collection action under the FLSA for all claims brought under the FLSA and requiring Defendant to provide to Plaintiffs the most current name and address of all similarly situated current and former employees of Defendant who have worked for Defendant as computer repair technicians anywhere in the continental United States at any time since 2001 and authorizing Plaintiffs to give appropriate notice of their opt-in rights to all such similarly situated current and former employees of Defendant;

2. certifying this action as a class action under F.R.C.P. 23 for all claims brought under the New York State Law and implementing regulations, requiring Defendant to provide the names and addresses of all current and former employees who worked for Defendant as computer repair technicians within New York State at anytime since June 2, 1999, and authorizing Plaintiffs to give appropriate notice to class members of their opt-out rights;

3. declaring that Defendant has willfully violated Plaintiffs' rights to overtime compensation under the FLSA;

4. tolling the statute of limitations under the FLSA from 2001 until 2003;

5. declaring that Defendant has willfully violated Plaintiffs' rights to overtime and additional compensation (for 10 hour days) under the New York State Labor Law and implementing regulations;

6. granting judgment in favor of Named Plaintiffs and all other similarly situated employees for overtime compensation owed them under the FLSA from 2001 through the present, together with liquidated damages in an equal amount, reasonable attorneys' fees and costs and disbursements of this action;

7. granting judgment in favor of Named Plaintiffs and the members of the New York class for a) overtime compensation and b) additional compensation for 10 hour days owed them under New York State Law and implementing regulations from June 2, 1999 through the present plus pre-and post-judgment interest thereon, and reasonable attorneys' fees, costs and disbursements of this action; and

8. such other and further relief as to this Court may seem just.

Dated: New York, New York
       January 23, 2006

>Respectfully submitted,
>
>GORLICK, KRAVITZ &.LISTHAUS, P.C.
>Attorneys for Plaintiff
>
>By: /s/ Barbara S. Mehlsack
>Barbara S. Mehlsack (BM 1390)
>442 Potomac Avenue
>Buffalo, New York 14213
>(716) 881-0800
>
>17 State Street, 4th Floor
>New York, New York 10004
>(212) 269-2500

19